IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

JERRY L. DALTON,

Plaintiff,

v.

CAROLYN W. COLVIN,
Commissioner of Social Security,

Defendant.

Case No. 3:11-cv-06154-AA

OPINION AND ORDER

---

Kathryn Tassinari
Brent Wells
Harder, Wells, Baron & Manning, P.C.
474 Willamette, Suite 200
Eugene, Oregon 97401
Attorneys for plaintiff

S. Amanda Marshall
United States Attorney
Adrian L. Brown
Assistant United States Attorney
1000 S.W. Third Ave., Suite 600
Portland, Oregon 97204

Lars J. Nelson
Special Assistant United States Attorney
Social Security Administration
701 Fifth Avenue, Suite 2900 M/S 221A
Seattle, Washington 98104
Attorneys for defendant

AIKEN, Judge:

Plaintiff Jerry Dalton brings this action pursuant to the Social Security Act ("Act") to obtain judicial review of a final decision of the Commissioner denying his application for Title II disability insurance benefits ("DIB"). For the reasons set forth below, the Commissioner's decision is affirmed and this case is dismissed.

**PROCEDURAL BACKGROUND**

On November 1, 2007, plaintiff filed an application for DIB, alleging disability as of June 15, 2007 due to difficulty lifting heavy objects, an inability to sit or stand for prolonged periods, and chronic neck, shoulder, and back pain. Tr. 232, 256, 262. Plaintiff's application was denied initially and upon reconsideration. Tr. 104, 112. On November 2, 2009, after timely requesting a hearing, plaintiff, along with a medical expert and a vocational expert, appeared and testified before an administrative law judge ("ALJ"). Tr. 28-68. On January 20, 2010, the ALJ issued a decision finding plaintiff not disabled within the meaning of the Act. Tr. 11-22. The Appeals Council initially granted plaintiff's request for review because a proper transcript of the November 2, 2009 hearing could not be produced due to an inaudible recording.

Tr. 96-98. A sufficient transcript was later produced and the parties stipulated that the case be reopened. See Mot. to Reopen at 2. Plaintiff now seeks judicial review.

## FACTS

Born on October 6, 1966, plaintiff was forty years old on the alleged onset date and forty-three years old at the time of the ALJ's decision. Tr. 298. Plaintiff graduated from high school and has past relevant work as a motor coach service provider and wire harness builder. Tr. 48, 263.

## STANDARD OF REVIEW

The court must affirm the Commissioner's decision if it is based on the proper legal standards and the findings are supported by substantial evidence in the record. Hammock v. Bowen, 879 F.2d 498, 501 (9th Cir. 1989). Substantial evidence is "more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 401 (1971) (quoting Consol. Edison v. NLRB, 305 U.S. 197, 229 (1938)). The court must weigh "both the evidence that supports and detracts from the [Commissioner's] conclusions." Martinez v. Heckler, 807 F.2d 771, 772 (9th Cir. 1986). Where the evidence is susceptible to more than one rational interpretation, the Commissioner's conclusion must be upheld. Sample v. Schweiker, 694 F.2d 639, 642 (9th Cir. 1982).

The Commissioner has established a five-step sequential

process for determining whether a person is disabled. Bowen v. Yuckert, 482 U.S. 137, 140 (1987); 20 C.F.R. § 404.1520. First, the Commissioner determines whether a claimant is engaged in "substantial gainful activity." Yuckert, 482 U.S. at 140; 20 C.F.R. § 404.1520(a)(4)(i). If so, the claimant is not disabled. At step two, the Commissioner determines whether the claimant has a "medically severe impairment or combination of impairments." Yuckert, 482 U.S. at 140-41; 20 C.F.R. § 404.1520(a)(4)(ii). If not, the claimant is not disabled.

At step three, the Commissioner determines whether the impairment meets or equals "one of a number of listed impairments that the [Commissioner] acknowledges are so severe as to preclude substantial gainful activity." Yuckert, 482 U.S. at 140-41; 20 C.F.R. § 404.1520(a)(4)(iii). If so, the claimant is conclusively presumed disabled; if not, the Commissioner proceeds to step four. Yuckert, 482 U.S. at 141.

At step four, the Commissioner determines whether the claimant can still perform "past relevant work." 20 C.F.R. § 404.1520(a)(4)(iv). If the claimant can work, he is not disabled. If he cannot perform past relevant work, the burden shifts to the Commissioner. At step five, the Commissioner must establish that the claimant can perform other work that exists in the national and local economy. Yuckert, 482 U.S. at 141-42; 20 C.F.R. § 404.1520(a)(4)(v). If the Commissioner meets this burden, the

claimant is not disabled. 20 C.F.R. § 404.1520(a)(4).

**THE ALJ'S DECISION**

At step one, the ALJ found that plaintiff had not engaged in substantial gainful activity since the alleged onset date. Tr. 13.

At step two, the ALJ found that plaintiff had the following severe impairments: cervical disc disease, lumbar degenerative disc disease, obesity, and hypertension. Id.

At step three, the ALJ found that plaintiff did not have an impairment that meets or equals a listed impairment. Tr. 14.

The ALJ continued the sequential evaluation process to determine how plaintiff's impairment affected his ability to work. The ALJ found that plaintiff retained the residual functional capacity to perform a limited range of light work. Id. Specifically, the ALJ found that plaintiff could lift and carry ten pounds frequently and twenty pounds occasionally, and that he could sit or stand for roughly six hours in an eight-hour workday with the option to change positions hourly. Id. The ALJ also noted that plaintiff could perform unlimited pushing and pulling, but is prohibited from reaching upwards while doing so. Id. The ALJ found that plaintiff was precluded from heavy industrial driving and climbing ladders, ropes, or scaffolds, but could occasionally stoop, kneel, or crouch. Id. Finally, the ALJ determined that plaintiff could "understand, remember, and carry out detailed, but not complex tasks and perform simple, routine, repetitive tasks." Id.

At step four, the ALJ found that plaintiff could not perform his past relevant work. Tr. 20.

At step five, the ALJ found that plaintiff was able to perform other work that exists in significant numbers in the national and local economy, such as a semi-conductor, bonder, dowel inspector, and call out operator. Tr. 20-21. Therefore, the ALJ found that plaintiff is not disabled within the meaning of the Act.

**DISCUSSION**

Plaintiff argues that the ALJ erred by: (1) failing to give clear and convincing reasons for rejecting his testimony; (2) improperly discrediting plaintiff's treating physician; and (3) failing to meet his step five burden of proving that plaintiff retains the ability to perform other work in the national economy.

I. Credibility Determination

Plaintiff argues that the ALJ failed to provide clear and convincing reasons to discount his testimony regarding his pain and discomfort. When a plaintiff produces objective medical evidence of an impairment that could reasonably be expected to produce some degree of the symptoms complained of, "the ALJ may reject the claimant's testimony regarding the severity of symptoms only if he makes specific findings stating clear and convincing reasons for doing so." Smolen v. Chater, 80 F.3d 1273, 1284 (9th Cir. 1996). A general assertion that plaintiff is not credible is insufficient; the ALJ "must state which [subjective symptom] testimony is not credible and what evidence suggests the complaints are not

credible." Dodrill v. Shalala, 12 F.3d 915, 918 (9th Cir. 1993).

The reasons proffered must be "sufficiently specific to permit the reviewing court to conclude that the ALJ did not arbitrarily discredit the claimant's testimony." Orteza v. Shalala, 50 F.3d 748, 750 (9th Cir. 1995) (citation omitted). If, however, the "ALJ's credibility finding is supported by substantial evidence in the record, we may not engage in second-guessing." Thomas v. Barnhart, 278 F.3d 947, 959 (9th Cir. 2002) (citation omitted).

Plaintiff testified at the hearing that he suffers from chronic pain in his back, neck, legs, and arms. Tr. 48-56. He also stated he has difficulty sitting and standing for long periods, which precludes his ability to concentrate and focus. Tr. 57-58. Plaintiff testified that he has symptoms of depression including irritation, detachment, and weight gain. Tr. 54. He explained that he sought physical therapy, which was unsuccessful in treating his pain. Tr. 57. Finally, plaintiff testified to difficulties with his part-time college program due to discomfort from sitting for prolonged periods. Tr. 52-53, 57-58.

The ALJ found that plaintiff's subjective symptom statements were not fully credible for three reasons. First, the ALJ found plaintiff's statements were inconsistent regarding the chronology of his alleged impairments, his daily activities, and his need to use an assistive device. Tr. 15-16, 18. Second, the ALJ found that plaintiff left his last job for reasons unrelated to his alleged disability. Tr. 15. Third, the ALJ found that plaintiff

was not entirely compliant with his prescribed medical treatment. Tr. 16.

Notably, the ALJ found that plaintiff was laid off for reasons other than his medical condition. Tr. 15. The record supports the ALJ's conclusion; plaintiff stated that he quit working because "he could no longer do the job" due to his disability, yet the record reflects that he stopped working because he was "laid off." Compare Tr. 262, with Tr. 589-90. Where, as here, a claimant's work history undercuts his assertions, the ALJ may rely on that contradiction to discredit the claimant. See Bruton v. Massanari, 268 F.3d 824, 828 (9th Cir. 2001).

The ALJ also listed several inconsistencies in the record that belie plaintiff's subjective symptom statements. For instance, as the ALJ observed, plaintiff's injuries were present at the same level of severity prior to the alleged onset date, yet his work persisted relatively unimpeded until he was laid off in May 2007. Tr. 15, 588, 592. Additionally, a variety of post-surgery orders from plaintiff's neurosurgeon released him to sedentary or light exertion work with his allegedly disabling impairments. See, e.g., Tr. 565. Further, the record demonstrates that plaintiff made inconsistent statements regarding his need to use an assistive device; in his function report, plaintiff indicated that he needs a cane "all the time," yet plaintiff denied using an assistive device at the hearing. Tr. 57, 293.

Moreover, the ALJ found plaintiff's activities of daily living

contradicted his subjective symptom testimony. Tr. 15, 18. Inconsistencies in a claimant's testimony, including those between daily activities and the alleged symptoms, can serve as a basis for discrediting said testimony. See Burch v. Barnhart, 400 F.3d 676, 680 (9th Cir. 2005); see also Molina v. Astrue, 674 F.3d 1104, 1112-13 (9th Cir. 2012). The record indicates that plaintiff takes care of his grooming, prepares his meals, grocery shops, cares for his pet cat, and performs home maintenance, including "cleaning, vacuum[ing], laundry, dusting, little repairs (leaks), mowing, [and] raking leaves." Tr. 287-94. Plaintiff also commutes to school four days per week, which entails a 40-minute drive each way and walking to and from his car to classes; on Mondays and Wednesdays he is in class for three hours, and on Tuesdays and Thursdays he is at school from 9:30am until 2pm. Tr. 49-51, 55-58. While plaintiff stated that his pain interferes with his concentration, the evidence of record reveals that he attended at least four terms of college, during which he either carried a full-time class load or a nearly full-time class load, and delivered an average academic performance. Id. As the ALJ concluded, these rather extensive activities of daily living indicate that plaintiff is capable of performing a limited range of light exertion work. Tr. 14.

The ALJ provided a number of clear and convincing reasons, supported by substantial evidence, for finding plaintiff not credible. As such, this Court need not discuss all of the reasons

provided by the ALJ since at least one legally sufficient reason exists. See Carmickle v. Comm'r, Soc. Sec. Admin., 533 F.3d 1155, 1162-63 (9th Cir. 2008). Thus, the ALJ's credibility finding is affirmed.

II. Plaintiff's Treating Physician

Plaintiff next argues that the ALJ improperly rejected the opinion of his treating physician, Dr. Jones, M.D. The ALJ may reject the uncontradicted opinion of a treating or examining physician by providing clear and convincing reasons supported by substantial evidence in the record. See Lester v. Chater, 81 F.3d 821, 830-31 (9th Cir. 1996). If contradicted, the ALJ may reject the physician's opinion only with specific and legitimate reasons. Andrews v. Shalala, 53 F.3d 1035, 1043 (9th Cir. 1995).

Here, the ALJ properly found that Dr. Jones's opinion was contradicted by Dr. Weillepp, the independent medical expert, and Dr. Hacker, plaintiff's treating neurosurgeon. Tr. 19; compare Tr. 552 (Dr. Jones), with Tr. 38-39 (Dr. Weillepp) and Tr. 565 (Dr. Hacker). The ALJ's rejection of Dr. Jones's testimony must therefore be supported by specific and legitimate reasons based on substantial evidence in the record. Andrews, 53 F.3d at 1043.

Dr. Jones treated plaintiff on a monthly basis beginning November 5, 2004. See Tr. 571-95. On January 20, 2009, Dr. Jones completed a check-the-box form in support of plaintiff's DIB application. Tr. 552. Dr. Jones stated that plaintiff was unable to sustain work due to chronic pain and depression. Id. Dr. Jones

attributed plaintiff's disabling condition to a diagnosis of posterior neck and bilateral medial scapula pain, chronic low back pain radiating to plaintiff's knees, and depression. Tr. 551.

The ALJ rejected Dr. Jones's opinion in its entirety because it was inconsistent with the other medical opinion evidence and his own chart notes. Tr. 19. An ALJ "need not accept the opinion of . . . a treating physician, if that opinion is brief, conclusory, and inadequately supported by clinical findings." Thomas, 278 F.3d at 957. Additionally, an ALJ may "permissibly reject . . . check-off reports that [do] not contain any explanation of the bases of their conclusions." Crane v. Shalala, 76 F.3d 251, 253 (9th Cir. 1996); see also Holohan v. Massanari, 246 F.3d 1195, 1202 (9th Cir. 2001) ("the regulations give more weight to opinions that are explained than to those that are not").

Here, Dr. Jones's check-off opinion is brief, conclusory, and not accompanied by reference to any objective findings. Tr. 551. The only narrative descriptions are fragmented sentences written in the margins of a questionnaire. Tr. 551-52. Further, as the ALJ found, Dr. Jones's opinion in support of plaintiff's disabled status contradicts his own prior chart notes. Tr. 18, 585, 586-89. For instance, Dr. Jones repeatedly opined that plaintiff was capable of light duty work. Tr. 568, 585-89. Moreover, Dr. Jones' chart notes largely reflect plaintiff's subjective statements; Dr. Jones performed only cursory objective tests on plaintiff, which revealed results within the normal range. Tr.

585-592. Accordingly, Dr. Jones's opinion is inadequately supported by his own chart notes and objective clinical findings.

In sum, the ALJ provided specific and legitimate reasons, supported by substantial evidence, to reject the opinion of Dr. Jones. The ALJ's decision is therefore affirmed in this regard.

III. Step Five Finding

Lastly, plaintiff argues that the testimony provided by the vocational expert in support of his ability to perform "other work" in the national economy was insufficient to meet the Commissioner's burden of proof at step five. Tr. 60-61. Specifically, plaintiff argues that his subjective symptom testimony and Dr. Jones's opinion, if properly credited, support a finding of disability. As discussed above, however, both sources were properly discredited by the ALJ. Because the Court is affirming the ALJ's decision on both of these bases, plaintiff's contingent argument is invalid. See Bayliss v. Barnhart, 427 F.3d 1211, 1217 (9th Cir. 2005). Therefore, the Court finds no error with respect to this issue.

**CONCLUSION**

The Commissioner's decision is supported by substantial evidence and based on the proper legal standards, therefore it is AFFIRMED and this case is DISMISSED.

IT IS SO ORDERED.

Dated this 23 day of October 2013.

Ann Aiken
United States District Judge